# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 5th day of March, two thousand and four.

**PRESENT:**

    HON. ELLSWORTH VAN GRAAFEILAND
    HON. PIERRE N. LEVAL
    HON. GUIDO CALABRESI
    <u>Circuit Judges</u>

------------------------x

SAMUEL HAYE,

    <u>Petitioner-Appellant,</u>

    v.                          Docket No. 03-2033

JOHN ASHCROFT,

    <u>Respondent-Appellee,</u>

------------------------x

| | |
|---|---|
| APPEARING FOR APPELLANT: | Roberto Tschudin Lucheme<br>Glastonbury, CT |
| APPEARING FOR APPELLEES: | James K. Filian, Jr.<br>Assistant United States Attorney, Bridgeport, CT<br>(Kevin J. O'Connor, United States Attorney, on the papers) |

    The government moves for a determination whether petitioner Samuel Haye is properly represented in this action by an attorney in good standing, or whether his attorney of record, Roberto Lucheme, Esq., is wrongfully permitting petitioner to be represented by his former attorney, Michael G. Moore, who has been disbarred since undertaking the representation. The government asks that Mr. Lucheme be compelled to respond to written questions relating to the

Certified:    MAR 5 2004

representation. Mr. Lucheme opposes the motion and moves that sanctions be imposed on the government.

An appellate court, which sits in collegial panels, is not well equipped to deal with matters that require the submission of evidence and fact-finding. We accordingly refer these motions to the district court for determination, asking that the district court enter orders to ensure that petitioner will be lawfully represented in this appeal.

In making this referral, we note a concern about the moving papers. The government's memorandum seems to imply that a non-attorney engages in "unauthorized practice of law" if the non-attorney is employed by a duly licensed attorney to assist in a representation by participating in the drafting and preparation of papers to be filed in court.

If that is the government's position, we question whether it is well taken. Without doubt, a non-attorney may not advise a client as to matters of law, or appear in court or file papers on a client's behalf. And it would no doubt represent improper conduct or assisting the unauthorized practice of law for a licensed attorney to use his notice of appearance and his signature as a camouflage for the representation of the client by a non-attorney. It does not necessarily follow, however, that a licensed attorney may not employ a non-attorney, including a disbarred attorney, to assist in the representation of a client by participating in the drafting of papers. The government cites to *Monroe v. Horwitch*, 820 F. Supp. 682, 686 (D. Conn. 1993), aff'd 19 F.3d 9 (2d Cir. 1994). That case, however, implies no such thing.

We make no ruling on any of theses questions. We merely call them to the attention of the parties and the district court. We respectfully request the district court to enter appropriate orders so that the appeal may proceed with the petitioner properly represented.

SO ORDERED.

FOR THE COURT:
ROSEANN B. MacKECHNIE, Clerk

*Lucille Carr*

A TRUE COPY
ROSEANN B. MacKECHNIE, CLERK