**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SAMUEL HAYE, | : | |
|    Petitioner | : | |
| | : | |
| v. | : | Civil Action No. 3:01 CV 414 (CFD) |
| | : | Second Circuit Docket No. 03-2033 |
| JOHN ASHCROFT, | : | |
|    Respondent | : | |

**RULING**

On March 5, 2004, the United States Court of Appeals for the Second Circuit issued an order in the appeal of this case (Docket No. 03-2033), requesting the district court to consider and enter a ruling on the following pending motions filed in the Second Circuit: (1) Motion for Consideration of Propriety of Counsel's Continued Representation; and (2) Motion for Sanctions. In the former, the Government moves for a determination whether the petitioner in this habeas corpus action under 28 U.S.C. § 2241, Samuel Haye, is properly represented by Attorney Roberto Lucheme and whether Attorney Lucheme is permitting Michael Moore to engage in the unauthorized practice of law. The Government alleges that there is a substantial possibility that Mr. Moore, despite his disbarment, continues to act as the attorney in this matter and that Attorney Lucheme is assisting him or permitting him to act in that capacity. In the second motion Attorney Lucheme moves that sanctions be imposed on the Government in connection with its filing of the first motion.

**Background**

On March 16, 2001, Michael Moore filed in this Court a Petition for Habeas Corpus and Stay of Removal [Doc. #1] on behalf of Samuel Haye. The petition requested that the Court

1

declare Haye eligible for relief from deportation pursuant to § 212(c) of the Immigration and

Nationality Act of 1952, 8 U.S.C. § 1182(c), as amended by § 511 of the Immigration Act of

1990 ("IMMACT"), Pub. L. No. 101-649, § 511, 104 Stat. 5052, and to remand his case to the

Board of Immigration Appeals.  On December 10, 2002, the Court denied the petition, holding

that the five-year bar of § 511 of IMMACT applies to Haye and renders him ineligible to seek §

212(c) relief from deportation.  On January 13, 2003, Mr. Moore filed a notice of appeal with the

United States Court of Appeals for the Second Circuit [Doc. #15].  The appeal remains pending,

and is the setting for the two motions under consideration here.

     In addressing these motions, the Court makes the following findings of fact and

conclusions of law:

### Findings of Fact

     On October 7, 2003, the Second Circuit Court of Appeals entered an order disbarring Mr.

Moore from practice before that Court based on Mr. Moore's disbarment by the Massachusetts

Supreme Judicial Court.  On December 9, 2003, the Second Circuit stayed the disbarment order

but suspended Mr. Moore from practice before it pending disposition of Mr. Moore's appeal to

the en banc Massachusetts Supreme Judicial Court.

     On October 6, 2003, Attorney Lucheme entered an appearance for Mr. Haye in the

Second Circuit.  On October 22, 2003, Attorney Lucheme sent a letter to Mr. Haye informing

him that he was "in the process of taking over at least a portion – and possibly all – of the law

practice of Mr. Michael Moore."[1]

---

[1]Before Attorney Lucheme presented the letter to this Court, Mr. Haye waived the attorney-client privilege.

When Attorney Lucheme took over these cases, he consulted with Mr. Moore to determine the status of the cases and consider future action.

Attorney Lucheme filed with the Second Circuit a Memorandum in Support of Motion for Immediate Hearing, dated December 5, 2003, requesting that the Government be ordered to file its response to petitioner's brief and that oral argument be scheduled.  That document was the principal reason the Government filed its  Motion for Consideration of Propriety of Counsel's Continued Representation on December 15, 2003.  Attorney Lucheme's Memorandum of December 5, 2003 was drafted using the same distinctive font and formatting of prior filings made by Mr. Moore.  In addition, the envelope used to serve the Government with the document contains a postmark of Springfield, Massachusetts.  Attorney Lucheme's office is located in Glastonbury, Connecticut and Mr. Moore's office is located in Springfield, Massachusetts.  The Government's motion and the resulting Motion for Sanctions by Attorney Lucheme were then referred to this Court.

At the hearing on the motions, Attorney Lucheme stated that Mr. Moore "probably" prepared the memorandum of December 5.  However, before the document was mailed or filed, Attorney Lucheme reviewed and approved it.  Attorney Lucheme also stated that he did not remember who mailed the document.  Attorney Lucheme represented that he retains responsibility for the materials prepared and submitted to the Court and that he supervises the work done in his cases.  In addition, he stated that no money has ever been exchanged between Mr. Moore and Attorney Lucheme.[2]

---

[2]This exhibits the temporary nature of the current working relationship between Mr. Moore and Attorney Lucheme for the transition of the clients.

Based on Attorney Lucheme's representations made at the hearing, the Court finds that Attorney Lucheme is not simply signing unreviewed motions or papers prepared by Mr. Moore, but supervises and retains responsibility for the work done in this case, including the filing with the Second Circuit of December 5, 2003.

In addition, upon inquiry by the Court at the hearing, Mr. Haye stated that he is aware of Mr. Moore's disbarment and would like Attorney Lucheme to continue representing him.

### Conclusions of Law

### A. Motion for Consideration of Propriety of Counsel's Continued Representation

Rule 5.5(2) of the Connecticut Rules of Professional Conduct provides that a lawyer shall not "[a]ssist a person . . . who has been suspended, disbarred, or placed on inactive status in the performance of activity that constitutes the unauthorized practice of law." CT Rules of Prof'l Conduct R. 5.5 (2004).[3] See also Conn. Gen. Stat. § 51-88. The preparation of legal documents can constitute the practice of law. Monroe v. Horwitch, 820 F. Supp. 682, 686-87 (D. Conn. 1993), aff'd, 19 F.3d 9 (2d Cir. 1994); In re Peterson, 163 B.R. 665, 672 (Bankr. D. Conn. 1994). However, Rule 5.5 does not "prohibit a lawyer from employing the services of paraprofessionals

---

[3]Local Rule 83.2(a) 1 of the Local Rules of Civil Procedure for the District of Connecticut adopts the Rules of Professional Conduct, "as approved by the Judges of the Connecticut Superior Court as expressing the standards of professional conduct expected of lawyers practicing in the District of Connecticut," except for certain exceptions not relevant here. As Attorney Lucheme maintains his principal office in Glastonbury, Connecticut, the Court applies the Connecticut Rules of Professional Conduct. It appears that the Second Circuit wishes this Court to apply the rules of professional conduct of the U. S. District Court for the District of Connecticut to Attorney Lucheme, especially in the absence of any rules adopted by the Second Circuit. Local Rule 46(h)2 of the Local Rules for the Second Circuit provides that the Second Circuit may refer to the Committee on Admissions and Grievances "any accusation or evidence of misconduct in respect to any professional matter before this court that allegedly violates the rules of professional conduct or responsibility in effect in the state or other jurisdiction where the attorney maintains his or her principal office," but no such referral has occurred.

and delegating functions to them, so long as the lawyer supervises the delegated work and retains responsibility for their work."  CT Rules of Prof'l Conduct R. 5.5 cmt. (2004) (citing Rule 5.3). See also Monroe, 820 F. Supp. at 687 ("Oversight and accountability guarantee, so far as practicable, that the 'requirements and regulations' imposed on lawyers will also insure the quality of work of supervised paralegals.").

While a number of jurisdictions have addressed the question of whether an attorney suspended from practice may assist another attorney in the position of a law clerk or paralegal, Connecticut has not.  See In re Mitchell, 901 F.2d 1179, 1185-87 (3d Cir. 1990) (collecting cases); Ronald D. Rotunda, Legal Ethics: The Lawyer's Deskbook on Professional Responsibility § 39-4.3 (2002) (discussing jurisdictions' varying approaches); ABA Standing Committee on Lawyer's Responsibility for Client Protection, 1994 Survey and Related Materials on the Unauthorized Practice of Law/Nonlawyer Practice 43-47 (1996) (showing that Connecticut has taken "no official position" on whether it allows disbarred or suspended lawyers to work in law-related activities).  In In re Mitchell, the Third Circuit Court of Appeals held that a suspended attorney may work as a law clerk or paralegal so long as the attorney in good standing maintains close supervision and the suspended attorney has no contact with clients or the court.  901 F.2d at 1186-87.[4]  Expressing its rationale, the court stated that "in some cases the interests of the clients

---

[4]In a footnote, the court stated:

> We express no opinion on the question of whether an attorney who has been suspended from practice before this court and who has been suspended from the practice of law in a state, such as New Jersey, which does not allow suspended attorneys to work as law clerks, would be allowed to work as a law clerk in a case before this court while present in that state.  We suggest that an individual in that position would be well advised to petition for clarification of the order of suspension before engaging in such activity.

In re Mitchell, 901 F.2d at 1186 n.20.  The Court also notes that the 1994 ABA survey, cited in

may be prejudiced if the suspended attorney cannot work as a law clerk, as that attorney may have participated in the trial of the matter, if not suspended in the district court, and may have insights helpful on the appeal." Id. at 1187. This Court adopts the reasoning set forth in In re Mitchell and holds that a suspended attorney may assist a licensed attorney in good standing so long as the attorney in good standing exercises close supervision and retains responsibility for the work of the suspended attorney.

In this case, Mr. Moore assisted in the drafting of the particular document under scrutiny, but Attorney Lucheme supervised and retained responsibility for it. Attorney Lucheme sought the assistance of a non-attorney to assist in the representation of a client, as permitted by the Connecticut Rules of Professional Conduct. Moreover, Attorney Lucheme has taken over a number of immigration matters formerly handled by Mr. Moore. Mr. Moore's help in making the transition of representation to Attorney Lucheme is useful in protecting the interests of his clients, including Mr. Haye. Thus, Attorney Lucheme did not assist in the unauthorized practice of law and properly represents Mr. Haye.

**B. Motion for Sanctions**

A court must make a finding of lawyer misconduct before it considers imposing a sanction. In imposing a sanction, "a court should consider the following factors: (a) the duty violated; (b) the lawyer's mental state; and (c) the actual or potential injury caused by the lawyer's misconduct; and (d) the existence of aggravating or mitigating factors." ABA

---

the text, indicates that Massachusetts, the state which first disbarred Mr. Moore, prohibits disbarred or suspended lawyers from working in law-related activities. However, as discussed above, this Court applies the Connecticut Rules of Professional Conduct, as adopted by the U. S. District Court for the District of Connecticut.

Standards for Imposing Lawyer Sanctions 3.0 (1986).  Attorney Lucheme's Motion for Sanctions

states that the Government's conduct implicates Rules 3.4 and 3.5 of the Rules of Professional

Conduct.[5]  However, the Court finds that there has been no lawyer misconduct by the

Government.  The appearance of the Memorandum and the circumstances of its mailing raised

---

[5] Rule 3.4 of the Connecticut Rules of Professional Conduct provides:

A lawyer shall not:

(1) Unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act;

(2) Falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law;

(3) Knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists;

(4) In pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party;

(5) In trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused; or

(6) Request a person other than a client to refrain from voluntarily giving relevant information to another party unless:

(A) the person is a relative or an employee or other agent of a client; and

(B) the lawyer reasonably believes that the person's interests will not be adversely affected by refraining from giving such information.

(7) Present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter.

CT Rules of Prof'l Conduct R. 3.4 (2004).

Rule 3.5 of the Connecticut Rules of Professional Conduct provides:

A lawyer shall not:

(1) Seek to influence a judge, juror, prospective juror or other official by means prohibited by law;

(2) Communicate ex parte with such a person except as permitted by law; or

(3) Engage in conduct intended to disrupt a tribunal.

CT Rules of Prof'l Conduct R. 3.5 (2004).

questions that the Government was justified in bringing to the Court's attention.  Accordingly,

the request for sanctions is denied.

**Conclusion**

For the foregoing reasons, the Government's Motion for Consideration of Propriety of

Counsel's Continued Representation is GRANTED.  However, the Court is satisfied that

Attorney Lucheme is not assisting in the unauthorized practice of law so long as Attorney

Lucheme continues to closely supervise the work of Mr. Moore and Mr. Moore has no contact

with clients or the Court.  Attorney Lucheme's Motion for Sanctions is DENIED.

SO ORDERED this 27th day of August 2004, at Hartford, Connecticut.


_/s/ CFD_____

**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**