```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

SAMUEL HAYE,                      :    CIV. NO. 3:01CV00414 (CFD)
Petitioner,                       :
                                  :
v.                                :
                                  :
JOHN ASHCROFT,                    :
Attorney General of the           :
United States,                    :
Respondent.                       :    FEBRUARY 24, 2005
```

GOVERNMENT'S POSITION REGARDING THE PETITIONER'S RELEASE

Respondent respectfully submits this memorandum in opposition to the petitioner's request for release on bond. This matter was the subject of a telephone conference on February 17, 2005. At that time the Court requested proposed Orders from the parties effectuating the United States Court of Appeals' Mandate in Docket Number 03-2033. A proposed order is submitted herewith.

The Court also requested the parties to state their positions regarding the petitioner's release from the custody of the Department of Homeland Security ("Department"). The Court further directed the undersigned to inquire of the Department's position on the petitioner's release. The undersigned has done so and has been informed that the Department will not agree to release the petitioner.

The Government respectfully submits that the Department's position is legally sound and, indeed, legally required. While the defendant technically has a final order of removal because he

has yet to move to reopen his matter under the regulations that went into effect on October 28, 2004, now that this matter is being returned to the Board of Immigration Appeals for consideration of the petitioner's eligibility for Section 212(c) relief, there will no longer be a final order of removal.  As such, the petitioner's detention is for all intents and purposes governed by 8 U.S.C. § 1226(c), INA § 236(c).[1]

Section 236(c) requires the detention, during the course of removal proceedings, of any alien whose removability is predicated on the alien's commission of an aggravated felony. See Aikens v. Reno, 330 F.3d 547, 547 (2d Cir. 2003).  The Second Circuit relied on Demore v. Kim, 538 U.S. 510, 531 (2003). There, the Supreme Court held that "[d]etention during removal proceedings is a constitutionally permissible part of that process."  As the Supreme Court recognized, the statute specifically requires detention and that detention is constitutionally permissible."

Here, the petitioner falls squarely under Section 236(c). He was convicted of murder and the deportation proceedings were

---

[1] Even if the Court considered the petitioner's detention governed by 8 U.S.C. § 1231, 8 U.S.C. § 241, the petitioner has only been in the department's custody for 90 days, well short of the six month period found presumptively reasonable under Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001).  In view of the fact that the petitioner's case is being returned to the BIA, however, Section 236(c) is the proper statute.  See e.g., Aikens v. Reno, 330 F.3d at 547-48 n.1.

commenced against him because of his conviction of an aggravated felony, that is, a crime of violence.  Moreover, to the extent it is a consideration, according to the administrative record already before this Court, the petitioner conceded removability before the immigration judge.

## CONCLUSION

For the reasons set forth above, the petitioner's detention is required during the pendency of the administrative proceedings.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


JAMES K. FILAN, JR.
ASSISTANT UNITED STATES ATTORNEY
915 LAFAYETTE BOULEVARD
BRIDGEPORT, CONNECTICUT 06604
(203) 696-3000
FEDERAL BAR NO. ct15565

CERTIFICATION

This is to certify that a copy of the foregoing was sent by United States mail, postage prepaid, on this date to:

Roberto T. Lucheme, Esq.
41 Hebron Avenue
Glastonbury, CT 06033

Dated at Bridgeport, Connecticut this 24th day of February, 2005.

_____
JAMES K. FILAN, JR.
ASSISTANT UNITED STATES ATTORNEY