# ROBERTO TSCHUDIN LUCHEME

Roberto T. Lucheme
*Attorney at Law*

Glastonbury
New London
East Haddam

41 Hebron Avenue
Glastonbury, Connecticut 06033

*Main Office*: 860-633-1962
*Fax*: 860-659-4482

February 25, 2005

Chambers of Hon. Christopher Droney
United States Courthouse
450 Main Street
Hartford, CT  06106

Re: Samuel Haye v John Ashcroft, Attorney General
Docket No. 01-cv-414

Response per Status Conference Agreement

Dear Judge Droney:

As you are aware, based on the Government's statements during the most recent status conference, there is, at a minimum, some ambiguity as to what the mandate from the Second Circuit means. At one extreme, the Petitioner sees it as an instruction to the BIA to instruct the Immigration Judge to determine, on the merits, whether the good in the Petitioner's life outweighs the bad and thus whether he may obtain 212c relief. At the other extreme, the Government appears to see it as an instruction to the BIA to do nothing absent an application by the Petitioner for the program recently established by the Government, and that in concert with the adjudication of such application, the Government could raise new grounds as to why the Petitioner should be ineligible for a merits hearing.

As you are also aware, this matter was joined in the Second Circuit with the case of Bell v Ashcroft 03-2737 and 033-2977. Bell settled under terms which the Petitioner was willing to accept in this case, but which were not offered to the Petitioner, namely

that Ben would not be required to apply for the "new" program administratively (or would be deemed to have already applied) and that the Government would not raise any new grounds as to why he should not obtain 212c relief that had not been raised before. See, Joint Motion to Reopen, attached hereto.

Because the Gov. would not extend to Haye the same offer, the case went forward, and the Petitioner's habeas writ – insofar as the 212c relief claim – but not as to other issues raised in the habeas – was granted.

Accordingly, even if the Court does not see everything the Petitioner's way, at the very least, the Government, on remand, must be limited in its claims that the Petitioner is ineligible for 212c relief to those grounds raised in prior proceedings. The Government should not be permitted to raise any new grounds, such as that there are "no comparable grounds of inadmissibility" or that the Petitioner has failed to exhaust administrative remedies by not applying for the "new" program even after prevailing on his writ of habeas corpus. See: Johnson v. Ashcroft, 378 F.3d 164 (2d Cir. 2004).(holding that the Government must charge all grounds of deportability at once or be barred from later doing so under the theory of res judicata).

The Petitioner also should not be required to file a separate administrative application, and should, at the very least, be deemed to have done so. For the Petitioner to be compelled to opt into the new program -- or face the threat of being penalized for not doing so -- would pressure the Petitioner to opt into a program that potentially opens the door to new objections by the Government under the published terms of the program.

To allow the Government to raise new objections to eligibility would be fundamentally unfair and manifestly unjust.

To leave unanswered the question of whether the Petitioner must file an application under the new regulations would create an unfair "Catch 22," where the Petitioner would have to play Russian roulette; potentially risk "opening the door" to new Government objections by filing for relief under the "new" program, or risk being penalized for not filing for relief under the "new" program.

in the Second Circuit, having been consolidated with <u>Bell</u>, it seems reasonable, the Government having lost its motion for summary dismissal, that the Court of Appeals rejected the Government's position that the Petitioner had to go through the new regulatory procedure in order to get a determination as to whether or not he would be eligible to have an immigration judge hold a hearing on whether Mr. Haye qualified fo 212c waiver.

Regardless of how the Court determines to proceed, it would be helpful to obta a "bright line" order that clearly spells what the BIA must do, what the Petitioner must do, what the Government is limited to by way of objection at the BIA and whether the Petitioner is exposed to new objections if he engages in the "new" administrative proc and whether or not the Petitioner will ever be penalized for failure to file an applicatio under the "new" program – a program that expires in April, 2005.

THE PETITIONER

by Roberto Tschudin Lucheme, E
His Attorney

41 Hebron Avenue
Glastonbury, CT 06033

Telephone: (860) 633-1962