The Legal Aid Society
David M. Stern, of Counsel
Immigration Law Unit
199 Water Street, 3rd Floor
New York, New York 10007
(212) 577-3413
Attorney for Respondent

Kent Frederick,
Chief Counsel,
Department of Homeland Security
United States Immigration and Customs Enforcement
1600 Callowhill Street
Philadelphia
PA 19130

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS

---------------------------------------------x

IN THE MATTER OF                              A 14-396-494

    Alfonso BELL

        Respondent
In Removal Proceedings
---------------------------------------------x

**JOINT MOTION THAT THE BOARD:**

    (1)    **REOPEN FOR PURPOSE OF ALLOWING RESPONDENT TO HAVE A HEARING UNDER FORMER INA 212(c)**

    (2)    **EXPEDITE DECISION ON THIS MOTION.**

**JOINT MOTION OF DEPARTMENT OF HOMELAND SECURITY/UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT AND THE RESPONDENT, ALFONSO BELL, TO**

(1)     REOPEN FOR PURPOSE OF ALLOWING RESPONDENT TO HAVE A HEARING UNDER FORMER INA 212(c)

(2)     EXPEDITE DECISION ON THIS MOTION.

**Parties, and relief sought:**

The parties to this proceeding, Respondent Alfonso Bell ("Mr. Bell") and the Department of Homeland Security/United States Immigration and Customs Enforcement ("DHS" or "USICE" or "ICE"), the successor agency to the Immigration and Naturalization Service, jointly request that the Board of Immigration Appeals ("Board" or "BIA")

- Reopen the respondent's case and provide him a hearing under former Section 212(c) of the Immigration and Nationality Act;

- Review and decide this motion as expeditiously as possible.

**Need for expedited consideration:**

Alfonso Bell, the respondent, is currently detained by the USICE at the Pike County Correctional Facility in Lord's Valley, Pennsylvania. The parties request expedited consideration of this motion for two reasons: first, his case is set for oral argument before the Second Circuit Court of Appeals on December 8, 2004 and this motion seeks to obviate the need for a hearing on both the jurisdictional and merits issues before the Circuit; and second, the respondent has been detained for a period of more than six years.

**Prior relevant procedural history:**

In a decision dated January 21, 2003, the BIA found that Mr. Bell was statutorily ineligible for § 212(c) relief because he had served over five years for an aggravated felony to which he pled guilty in 1985, and ordered him removed to Panama. See copy of BIA decision attached hereto. On February 3, 2003, Mr. Bell filed a Petition for a Writ of Habeas Corpus with the United States District Court for the Southern District of New York. On October 15, 2003, the district court (Baer, J.) found that the Attorney General of the United States was the custodian of Mr. Bell, that the court had personal jurisdiction over the Attorney General, and that the Attorney General was a proper respondent. However it denied Mr. Bell's petition on the merits, holding that the bar to Section 212(c) eligibility created by Section 511(a) of the Immigration Act of 1990 applied to Mr. Bell even though his conviction predated the Immigration Act of 1990. <u>Bell v. Ashcroft</u>, 2003 WL 22358800 (S.D.N.Y. Oct. 15, 2003). Both parties appealed the court's subsequent judgment to the United States Court of Appeals for the Second Circuit. Mr. Bell appealed the merits portion of the district court decision, while the government appealed on the

issue of jurisdiction. The CFDs, which are due to be argued December 8, 2004, are docketed as Bell v. Ashcroft, 03-2737 and 03-2977.

In support of this motion, the parties stipulate as follows:

1. Mr. Bell has a final order of removal dated January 21, 2003.

2. Mr. Bell, who entered the United States as a Lawful Permanent Resident in 1965, has the requisite seven consecutive years of lawful unrelinquished domicile required under former Section 212(c).

3. Mr. Bell pled guilty to his crime on December 13, 1985.

4. Under EOIR regulations that went into effect on October 28, 2004, the fact that Mr. Bell served over five years in prison for an aggravated felony to which he pled guilty in 1985 does not preclude his being eligible to have his 212(c) application considered on the merits.

5. Mr. Bell is otherwise eligible under all applicable regulations and the Immigration and Nationality Act to have his application for 212(c) relief considered on the merits by the Immigration Court.

6. Any and all arguments ("arguments") relating to threshold eligibility for 212(c) relief not preserved by the INS/USICE in Mr. Bell's removal proceedings to date are hereby waived and will not be raised by USICE either before the Board or before the Immigration Judge on remand or in any further proceedings in this matter. For the sole purposes of speedy resolution of Mr. Bell's case without further prolonged litigation, these arguments are understood by the parties to include, but not to be limited to, any "comparable grounds" argument. It is understood by both parties that USICE takes this position with reference only to this single case in order solely to facilitate the resolution of this case alone in the United States Court of Appeals for the Second Circuit.

7. The parties further agree that on remand, the Immigration Judge will consider the merits of Mr. Bell's application for 212(c) relief.

8. The filing of this joint motion and the stipulation contained herein does not constitute a waiver, explicit or implied, by either party of rights or legal positions either party has taken, is taking, or may take in future proceedings regarding other respondents, whether represented by the parties to this proceeding or by other parties.

Wherefore, the parties jointly request that the Board grant this motion, and remand this matter as expeditiously as possible to the Immigration Court in York, Pennsylvania – which has jurisdiction over Mr. Bell's immigration cases -- for a hearing on the merits of Mr. Bell's application for 212(c) relief.

Respectfully submitted,

David M. Stern, of counsel
The Legal Aid Society
Immigration Law Unit
199 Water Street, 3rd Floor
New York, New York 10007
(212) 577-3413
Attorney for Respondent

December 1, 2004

AND

Kent Frederick,
Chief Counsel,
Department of Homeland Security
United States Immigration and Customs Enforcement
1600 Callowhill Street
Philadelphia
PA 19130

December 1, 2004